IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PAPA JOHN'S INTERNATIONAL, INC., et al., | ) ) ) | ) |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. 04 C 3131 |
| ANTOIN S. REZKO, et al., | ) ) ) | |
| Defendants. | ) ) | |
| ANTOIN S. REZKO, et al., | ) ) | |
| Counter-plaintiffs, | ) ) | |
| vs. | ) ) | |
| PAPA JOHN'S INTERNATIONAL, INC., | ) ) | |
| Counter-defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants move to enter an injunction order, quash discovery and strike the December 8, 2005, hearing date. That motion is granted in part and denied in part.

This action has been plagued by a high level of distrust on both sides, and this motion and the response to it reflect that distrust. Plaintiffs believe that the sale of pizza stores may be bogus and that defendants and their successor have used and continue to use proprietary materials. Defendants insist that the sale was legitimate, they are out of the business, and plaintiffs are just seeking to harass them and their successor by unnecessary discovery demands and other conduct. They say that they are willing to enter into a consent injunction, and that should end it.

As we have remarked before, we believe that plaintiffs are entitled to some limited discovery to explore the bona fides of the sale, although they are not entitled to the wide-

ranging discovery they previously sought. As to continuing use, plaintiffs' concern seems to be centered on the presence of Papa John's software on computers in various stores, although it is not at all apparent it is being used. There is also some concern that a photograph of a Papa John's pizza (although without any reference to plaintiff) may have been used in some promotional effort – a use of proprietary material which, if so, borders on the trivial. We think plaintiffs and the new owners should be able to agree to visits by plaintiffs' representatives to the various stores to delete any Papa John's software. We think a status on December 8. 2005, should be devoted to determining what limited discovery may be pursued by plaintiffs; we believe it unlikely that the parties can agree on that on their own.

If, as we suspect but cannot now determine, the sale is genuine, then a consent injunction should end the matter. That leaves plaintiffs' claim for profits and damages. But that is a matter of sanctions and damages, a separate issue from injunctive relief unless the sale was not genuine, because it relates to possible violations of prior court orders and non-compete obligations. We have previously been led to believe that the defendants' stores were closed when they should have been, or shortly thereafter, although some signs and the like may have been left in place for a time, and some stores may have been reopened by defendants under a different name. If so, there may have been violations, and a short hearing at some convenient time can lay that issue to rest as well. But that we can also talk about on December 8th at 10:00 a.m.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 30, 2005.