IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PAPA JOHN'S INTERNATIONAL,  )
INC., et al.,               )
                            )
            Plaintiffs,     )
                            )
       vs.                  )   No. 04 C 3131
                            )
ANTOIN REZKO, et al.,       )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

Various defendants have moved to dismiss various counts on the ground that they fail to state a claim. The motions to dismiss are denied.

One group, PJ Chicago, Chicago PJ, East Coast PJ, Antoin Rezko, AR Pizza and Newco Pizza, moves to dismiss all claims against AR Pizza and Newco Pizza, and an unjust enrichment count, Count IX, against the rest. A second group, Abdelhamid Chaib and Chaib Investments, L.L.C. (Chaib defendants), moves to dismiss all claims against them. They primarily rely upon their contention that the third amended complaint does not allege enough facts and lumps all the defendants together.

As the Court of Appeals has recently re-emphasized, *see* Vincent v. City Collages of Chicago, 2007 U.S.App. LEXIS 9902 (7th Cir.); Christensen v. County of Boone, Illinois, 2007 U.S.App. LEXIS 6451 (7th Cir.), a plaintiff need not plead facts or even legal theories. He or she need only put the defendant on notice of the claim so that the defendant can file an answer.

Here, the pleadings provide ample notice of the claim that Rezko is allegedly the chief executive officer and sole shareholder of PJ Chicago, Chicago PJ and East Coast PJ, which were Papa John's franchisees and operators of various Papa John's restaurants. Rezko operated and guaranteed the performance of those franchisees, referred to as "the former

franchisees." The Chaib defendants acquired control of some of the former franchisee restaurants before their termination by Papa John's, and then continued to operate them. AR Pizza and Newco Pizza also continued to operate former franchisee restaurants, using Papa John's trademarks, trade secrets and other proprietary materials. According to plaintiffs, Rezko and the former franchisees ceased paying the franchise fees or providing required insurance, and, ultimately, the franchises were terminated. But, it is alleged, they continued to operate some restaurants, using plaintiffs' trademarks, trade secrets, proprietary information and property. And some restaurants were transferred to the Chaib defendants, AR Pizza and Newco Pizza, who also continued to use plaintiffs' property and intellectual property, and to compete in violation of a non-compete clause. Presumably they were aware of Rezko's and the former franchisees' contractual obligations to Papa John's, and they chose to ignore them.

We previously covered much of this same ground in much greater detail respecting the second amended complaint in a June 29, 2006, Memorandum Opinion and Order, and we see no reason to be expansive here. Perhaps one or another of the counts may not continue to stand up. For example, in Count VII, the allegations relate to intangibles, not tangible property, although other allegations in the complaint, incorporated in Count VII, complain about the continued use of tangible property. Suffice it to say, this case will not go away for any defendant by a motion to dismiss, and any fine-tuning can be more constructively accomplished at a later date.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 31, 2007.